## THE NEW YORK CENTRAL NO. 22.

### THE JOHN FLEMING et al.

#### (District Court, S. D. New York. June 18, 1903.)

1. COLLISION—TOWING ON LONG HAWSER IN NEW YORK BAY—CARE REQUIRED OF TUG.

     The method of towing on long hawsers in the crowded waters of New York Bay can only be justified, if at all, by the exercise of the utmost exactness on the part of the tug in performing her duty to keep the tows in line so that passing vessels can navigate safely with regard to them, and by the exercise of the utmost vigilance to see that the tow's lights are at all times exhibited as required by pilot rule 11.

2. SAME—TOWS—FAILURE TO EXHIBIT LIGHTS.

     A tug having two scows in tow on a long hawser held in fault for a collision between one of the scows and a barge in tow alongside another

¶ 2. Signals of meeting vessels, see note to The New York, 30 C. C. A. 630.

tug, occurring in New York Bay, in the night, because she permitted the scows to drift across the channel without the lights required by the pilot rules. The scow also *held* in fault for the failure to exhibit the proper lights.

8. SAME.

A tug having a barge alongside *held* not in fault for a collision between the barge and a scow in tow of another tug because of her failure to have a lookout forward, where her master was acting as a lookout from the pilot house, and it did not appear that the scow, which carried no lights, could have been seen by a lookout in time to have avoided the collision which occurred through the culpable negligence of the scow and her tug.

In Admiralty. Suit for collision.

Carpenter, Park & Symmers, for libellants.
Butler, Notman, Joline & Mynderse, for the N. Y. Central No. 22.
John F. Foley, for the John Fleming and Nos. 24 and 10.

ADAMS, District Judge. This action was brought by the owner and the master of the barge E. Brisbon against the tug N. Y. Central No. 22 to recover damages caused to them by collision, happening about midnight, on the 14th of December, 1900, between the barge, which was in tow alongside of No. 22, and an unknown vessel, which afterwards turned out to be Scow No. 24, in tow on a hawser of the tug John Fleming. The claimant of No. 22, brought in the Fleming and No. 24, also No. 10, which formed a part of the Fleming's tow, by petition.

The No. 22 with the Brisbon on the starboard side and two canal boats and a barge on the port side, started from 65th Street North River, and was proceeding down the upper New York Bay, bound for the Kill van Kull. All proper lights on the tug and tow were displayed. The Fleming with No. 24, on a hawser about 200 fathoms long, and No. 10, astern of No. 24, on two hawsers, running from the stern corners of No. 24 to the forward corners of No. 10, about 50 fathoms long each, was returning to New York, from sea, where the scows had been dumped.

The Fleming, besides the usual navigation lights, exhibited three staff lights, meaning that she had a tow on a hawser more than 600 feet astern. Article 3, Inland Rules (Act June 7, 1897, 30 Stat. 97, c. 4 [U. S. Comp. St. 1901, p. 2877]). The scows did not exhibit the lights required by Pilot Rule 11, there being nothing more than one white light visible, which was aft on No. 10.

The Fleming proceeded to the vicinity of Robbins Reef Light and when she reached a point on the edge of the flats, on the westerly side of the channel, about a third of the way from Robbins Reef Light to Liberty Light, she stopped to take in the hawsers and get the scows alongside in order that she might dock them. This took her some time and the scows drifted up the Bay, and across the channel, with the flood tide which prevailed.

The pilot of No. 22 saw the green light and the towing lights of the Fleming when about a mile distant and he then supposed that she was on a course up the Bay with a tow astern, although he did not see any lights astern indicating a tow there. The Fleming was

so far on his starboard that he did not consider any further atten-tion to her was required, and he proceeded on his course and had passed the Fleming, several hundred feet away, when a dark object suddenly loomed up a little on his port bow, which he recognized as a dumping scow and endeavored to avoid by reversing and star-boarding his helm but without success, and his starboard barge was brought in sharp contact with No. 24, so injuring the barge, that she sank to her deck. He had seen from the beginning, a white light on his port hand, which he supposed was an anchored vessel, but which turned out to be on No. 10, which was drifting up the channel, further to the eastward than No. 24.

There can be no question that the Fleming was grossly in fault for permitting her barges to drift such a distance away and to block the channel without the lights on them, required by law, to indicate their positions. This method of towing on long hawsers in the crowded waters of New York Bay can only be justified, if at all, by the exer-cise of the utmost exactness on the part of the tug in performing her duty to keep her boats in line, so that passing vessels can navigate safely with regard to them, and by the exercise of the utmost vigi-lance to see that the tow's lights are at all times exhibited, as the rule requires. No. 24 was also in fault for the failure to exhibit lights.

In view of the culpable negligence of the Fleming, I am not dis-posed to hold No. 22 in fault for her failure to have a lookout sta-tioned forward. Her master was performing the duties of one from the pilot house and was not otherwise engaged, the wheel being handled by one of the deck hands. It appears that the master was reasonably vigilant and it is doubtful if a lookout stationed elsewhere could have discovered No. 24 in time for No. 22 to have avoided her. Nor do I consider that No. 22 should be held because of the Fleming's exhibition of towing lights. They did not call upon No. 22 to avoid a tow, without lights, in a place it should not have been.

The libel is dismissed as to No. 22, without costs. The petition is sustained as to the Fleming and No. 24, with costs, and dismissed as to No. 10, without costs. An order of reference to ascertain the damages will be entered.